IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CAROLYN HURDLE,

    Plaintiff,

v.                                      Case No. TJS-14-2088

OLLIE'S BARGAIN OUTLET, INC.,

    Defendant.

**MEMORANDUM OPINION**

Plaintiff Carolyn Hurdle ("Ms. Hurdle") brought this action for negligence against Defendant Ollie's Bargain Outlet, Inc. ("Ollie's") seeking damages for injuries she suffered after falling in an Ollie's store in Hagerstown, Maryland. (ECF No. 1 ¶¶ 5-8.) The Motion for Summary Judgment ("Motion") (ECF No. 27) filed by Ollie's is now pending before the Court. Having considered the submissions of the parties (ECF Nos. 27, 28 & 29), I find that no hearing is necessary. *See* Loc. R. 105.6. For the reasons set forth below, the Motion (ECF No. 27) is **GRANTED**.

**I.    BACKGROUND**

According to the Complaint, Ms. Hurdle was walking down an aisle in the Ollie's store located in Hagerstown, Maryland on July 2, 2011. (ECF No. 1. ¶ 6.) She "slipped and fell when she stepped in soapy liquid that had accumulated from leaking bottles onto the floor." (*Id.*) The "soap was clear or near clear" and Ms. Hurdle did not see it before she fell. (*Id.*) Ms. Hurdle alleges that Ollie's "knew, or through the exercise of ordinary care should have known, of the existence of this dangerous condition and cleaned it or placed warnings to alert patrons of the store to this latent danger." (ECF No. 1 ¶ 7.) Ms. Hurdle seeks to recover damages from Ollie's based on its negligence. (*Id.* ¶ 8.)

1

**II.     STANDARD**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing predecessor to current Rule 56(a)). The burden is on the moving party to demonstrate the absence of any genuine dispute of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If sufficient evidence exists for a reasonable jury to render a verdict in favor of the party opposing the motion, then a genuine dispute of material fact is presented and summary judgment should be denied. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, the "mere existence of a scintilla of evidence in support of the [opposing party's] position" is insufficient to defeat a motion for summary judgment. *Id.* at 252. The facts themselves, and the inferences to be drawn from the underlying facts, must be viewed in the light most favorable to the opposing party. *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008). A party may not rest upon the mere allegations or denials of its pleading but instead must, by affidavit or other evidentiary showing, set out specific facts showing a genuine dispute for trial. Fed. R. Civ. P. 56(c)(1). Supporting and opposing affidavits are to be made on personal knowledge, contain such facts as would be admissible in evidence, and show affirmatively the competence of the affiant to testify to the matters stated in the affidavit. Fed. R. Civ. P. 56(c)(4).

**III.    ANALYSIS**

    **1.     Choice of Law**

A court sitting in diversity must apply the choice of law rules of the state in which it sits. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941). Maryland adheres to the *lex loci delicti* rule to determine the applicable law in tort actions. *Philip Morris Inc. v. Angeletti*,

358 Md. 689, 744 (2000). Under this rule, the "substantive tort law of the state where the wrong occurs governs." *Hauch v. Connor*, 295 Md. 120, 123 (1983). Because the alleged tort took place in Maryland, Maryland law governs Ms. Hurdle's negligence claim.[1]

### 2. Negligence Claim

To prevail on a claim of negligence in Maryland, a "plaintiff must [prove] the following elements: '(1) that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the plaintiff suffered actual injury or loss, and (4) that the loss or injury proximately resulted from the defendant's breach of the duty.'" *Valentine v. On Target, Inc.*, 353 Md. 544, 549 (1999) (quoting *Lane*, 338 Md. at 44). The parties' arguments focus on the second element: whether Ollie's breached its duty to protect Ms. Hurdle from injury.

In Maryland, the proprietor of a store owes a duty to an invitee[2] "to exercise ordinary care to keep the premises in a reasonably safe condition and will be liable for injuries sustained in consequence of a failure to do so." *Maans v. Giant of Maryland, L.L.C.*, 161 Md. App. 620, 627 (2005) (quoting *Rawls v. Hochschild, Kohn & Co.*, 207 Md. 113, 117 (1955)). This duty,

---

[1] In its submissions, Ollie's applies rules taken from both the Federal Rules of Civil Procedure and the Maryland Rules of Civil Procedure. (*See* ECF Nos. 27-1 at 2  ECF Nos. 27-1 at 2  29 at 1-3.) While Maryland's substantive law governs the Court's analysis of Ms. Hurdle's claims, the Court will not apply Maryland's procedural law. *See Rowland v. Patterson*, 852 F.2d 108, 110 (4th Cir. 1988) ("Federal courts apply federal rules of procedure, both those promulgated in the Federal Rules of Civil Procedure as well as wholly judge made procedural rules, unless the *Erie* doctrine commands otherwise.").

[2] In Maryland, the duty that a landowner owes to persons entering onto the land varies according to the visitor's status as an invitee (or business invitee), a licensee, a bare licensee, or a trespasser. *Baltimore Gas & Elec. Co. v. Lane*, 338 Md. 34, 44 (1995). An invitee is defined as "one invited or permitted to enter another's property for purposes related to the landowner's business." *Norris v. Ross Stores*, Inc., 159 Md. App. 323, 334 (2004) (quoting *Tennant v. Shoppers Food Warehouse Md. Corp.*, 115 Md. App. 381, 387 (1997)). Both of the parties characterize Ms. Hurdle as an invitee.

3

however, does not arise unless the proprietor has "actual or constructive knowledge of [the dangerous condition] . . . gained in sufficient time to give the owner the opportunity to remove it or to warn the invitee." *Rehn v. Westfield Am.*, 153 Md. App. 586, 593 (2003) (internal quotation omitted).

Ollie's argues that there is no evidence that it had actual or constructive knowledge of any dangerous condition with sufficient time to warn Ms. Hurdle or to remove the dangerous condition. (ECF No. 27-1 at 3.) In addition, Ollie's argues that Ms. Hurdle should be barred from any recovery based on her own contributory negligence. (ECF No. 27-1 at 5.)

Ms. Hurdle concedes that she cannot prove that Ollie's, acting through its store associates, had actual notice of the dangerous condition of the liquid soap on the aisle floor. (ECF No. 28 at 3.) At the same time, Ms. Hurdle does not argue that Ollie's had constructive notice of the dangerous condition. For example, she does not point to any evidence to show how long the dangerous condition existed ("time on the floor"), including evidence of other customers who had fallen in the aisle on the day of her fall, or whether the slippery spot showed any signs of traffic (such as footsteps or grocery cart tracks) that would indicate the length of time it had been present. Ms. Hurdle herself did not see the soapy substance before she fell, and admits that she does not know how or when it got on the floor. (ECF No. 27-2 at 4.)

Ms. Hurdle's principal argument is that the store policy in place at Ollie's was inadequate to comply with its duties to its invitees under Maryland law. (ECF No 28 at 3) ("[A]n inference may be drawn that had Ollie's repeated the inspection on a regular basis throughout the day, the defect . . . would have been discovered."). The store policy in place at Ollie's requires employees to conduct an inspection of the store's premises, including its floors, "prior to the store opening." (ECF No. 28 at 3.) Ms. Hurdle a fell at approximately 1:30 p.m. on July 2, 2011, more than five

4

hours after the inspection required by the store policy.[3] Had Ollie's "repeated the inspection on a regular basis throughout the day," Ms. Hurdle states, "the defect . . . would have been discovered." (*Id.*)

### a. The Mode-of-Operation Rule

This argument is similar to the "mode-of-operation" argument rejected in *Maans v. Giant of Maryland, LLC*, 161 Md. App. 620, 637-39 (2005). Under the "mode-of-operation rule," which does not apply in Maryland, a business can be found liable for its negligence even without actual or constructive notice of a dangerous condition, so long as the business could have reasonably anticipated "that hazardous conditions would regularly arise." *Id.* at 638. Here, Ms. Hurdle seems to argue that because she cannot prove that Ollie's had actual or constructive notice of the slippery spot on the floor, she should still be able to recover based on Ollie's failure to inspect the floors in its store more frequently. (ECF No. 28 at 4) ("If the entirety of the store was inspected at 1:00 p.m., it is likely that the presence of the soap would have been discovered and this accident avoided."). This very argument was rejected in *Maans*, and the Court rejects it here for the same reasons. *Maans*, 161 Md. App. at 637-39.; *see also Moulden v. Greenbelt Consumer Servs.*, Inc., 239 Md. 229, 233 (1965) ("[I]t would be unreasonable to hold that [there is a] duty to conduct a continuous inspection tour of the store.")

---

[3] Ollie's has submitted evidence that in addition to the inspection of the store performed before the store opens each day, Ollie's has a policy of requiring its associates to "walk the sales floor" and "if they see something that needs to be addressed from a safety standpoint, they would address it." (ECF No. 29-1 at 2.) Because the evidence at this stage of the proceedings must be viewed in the light most favorable to Ms. Hurdle, the Court assumes that this evidence is in dispute. Whether Ollie's actually inspected its store on the day in question, however, is not material to the Court's analysis in this case.

### b.  Constructive Notice

Having found that Maryland law does not impose a duty on Ollie's to continuously inspect the floors of its store for potential dangers, the Court now turns to the question of whether Ollie's had constructive notice of the dangerous condition in this case. "In an action by a customer to recover damages from a fall in a store caused by a foreign substance on the floor or stairway, the burden is on the customer to produce evidence that the storekeeper created the dangerous condition or had actual or constructive knowledge of its existence." *Rawls v. Hochschild, Kohn & Co.*, 207 Md. at 119. Here, the duty Ollie's owes to its invitees is to keep its property safe and to exercise reasonable care to protect them from injuries caused by unreasonable risks. *See e.g., Garner v. Supervalu, Inc.*, 396 Fed. App'x 27, 29 (4th Cir. 2010). Ollie's is not required to be an insurer of its invitees' safety while in its store. *Moulden v. Greenbelt Consumer Services, Inc.*, 239 Md. 229, 232 (1965); *see also Rawls*, 207 Md. at 118 (noting that "no presumption of negligence on the part of the proprietor arises merely from a showing that an injury was sustained in his store").

There is no evidence of how long the soapy substance was on the floor of the Ollie's store before Ms. Hurdle slipped and fell, or of how it got there in the first place. This lack of "time on the floor" evidence precludes a jury from finding that the soapy substance was present on the floor long enough to provide Ollie's with constructive notice of its presence. Without notice of its presence, Ollie's had no duty to take steps to protect Ms. Hurdle from the dangerous condition. Because Ms. Hurdle cannot show that Ollie's had notice—either actual or constructive—of the dangerous condition, no reasonable jury could find that Ollie's breached

any duty owed to her, and thereby render a verdict in her favor. For these reasons, the Court finds that summary judgment must be entered in favor of Ollie's. The Motion is **GRANTED**.[4]

## IV.    CONCLUSION

Ollie's Motion for Summary Judgment is **GRANTED**. By separate Order, the Clerk of Court will be directed to enter summary judgment in favor of Ollie's and to close this case.

May 20, 2015                                        /s/
Date                                                Timothy J. Sullivan
                                                    United States Magistrate Judge

---

[4] For the reasons set forth in the Memorandum Opinion, the Court does not reach the issue of whether Ms. Hurdle's alleged contributory negligence is a complete bar to her recovery.